Merriman and others vs. McCormick Harvesting Machine Co.

Merriman and others, Respondents, vs. McCormick Harvesting Machine Company, Appellant.

*December 21, 1898 — January 10, 1899.*

*Appeal: Exceptions: Evidence: Immaterial error: Principal and agent.*

1. A finding not excepted to will not be disturbed on appeal.
2. In an action by an agent to recover commissions on sales of machinery, the issue being as to how many orders taken by the agent had been filled by the principal, it was immaterial that in some cases, before filling such orders, the principal had had the customers execute new written orders.
3. The admission of improper evidence in a trial by the court without a jury is not a material error.

APPEAL from a judgment of the circuit court for Jefferson county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

The facts out of which this case grows, and the decision of the general questions of law involved therein, will be found in 96 Wis. 600. Under the order in that case a reference was had, testimony taken, and the referee's report confirmed, finding that of the twenty-nine orders there mentioned nineteen were afterwards filled with McCormick machines, and that the value of the plaintiffs' services in obtaining said orders was $317. Defendant again appeals.

For the appellant there was a brief by *Quarles, Spence & Quarles,* and oral argument by *W. C. Quarles.*

For the respondents there was a brief by *L. B. Caswell* and *Rogers & Rogers,* and oral argument by *W. H. Rogers.*

Merriman and others vs. McCormick Harvesting Machine Co.

DODGE, J.   1. We have carefully examined the evidence in this case, and find that there is support for the findings as to the filling of all of the orders except that of Charles Maske, and also as to the value of plaintiffs' services.   There is no exception to the finding as to the filling of the Maske order.   Under the uniform rule of this court, therefore, the findings will not be disturbed.

2. The second and third assignments of error are predicated on the refusal of the referee to admit certain evidence. The defendant offered to prove that " the McCormick Company, after the 22d of March, 1893, retook of the [six] men named separate, distinct, and new orders for machinery manufactured by the McCormick Company, which orders were afterwards filled by the delivery of the machines called for by those orders."   The rest of the offer was of purely hearsay evidence.   Defendant also offered the " retaken " written orders.   The evidence was wholly immaterial.   The issue submitted to the court below was a very simple one, namely, How many of the orders taken by the plaintiffs were filled with McCormick machines?   The fact that the defendant, for reasons of its own, saw fit to have these customers execute new written orders could in no wise change the result.   If it delivered machines to the persons from whom the plaintiffs had taken orders, its liability for reasonable compensation to the plaintiffs was established by the previous decision in this case.   Had the defendant proved, as it offered, that certain of the orders were " retaken," it would in no wise have militated against that liability.   That was a transaction to which plaintiffs were not parties, and could not deprive them of their rights to compensation for the services rendered.

3. The fifth assignment of error ignores the rule that admission of evidence in a trial by the court without a jury cannot constitute reversible error.

*By the Court.*— Judgment affirmed.

BARDEEN, J., took no part.